UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
IN RE MORGAN STANLEY & CO., INC. : **ORDER GRANTING**
AUCTION RATE SECURITY DERIVATIVE : **REHEARING AND**
LITIGATION, : **CONFIRMING PRIOR ORDER**
 :
 : 08 Civ. 7587 (AKH)
------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

   Plaintiffs Louisiana Municipal Police Employees Retirement System and Terry G. Thomas move for rehearing of my summary order of June 23, 2009.

   In that order, summarizing my extemporaneously issued order earlier that day, I ruled that plaintiffs should have made demand on the directors of Morgan Stanley & Co., Inc. to sue its officers and directors for the claims alleged in plaintiffs' Consolidated Shareholder Derivative Complaint. I held that demand would not have been futile; that plaintiffs should now be given the opportunity to make demand; that, if plaintiffs failed to make demand within a set period of time, their lawsuit would be dismissed; that, if they made demand, defendant could investigate and either adopt the lawsuit or move to dismiss it, as an exercise of the directors' sound business judgment.

   I ruled that the board of a corporation could be independent if at least one board member remained independent, for he could appoint a special litigation committee to investigate plaintiffs' allegations and recommend whether or not a lawsuit should be brought. However, as plaintiffs' motion for rehearing points out, a demand is excused under Delaware law whenever a majority of the defendant's corporate board has lost its independence. <u>Rales v. Blasband</u>, 634 A.2d 927, 937 (Del. 1993); <u>Aronson v. Lewis</u>, 473 A.2d 805, 815 (Del. 1984). A board may then be able to ask a court to stay a lawsuit while a special litigation committee investigates, but that is a matter of defense after a demand is made, and not an

1

excuse of the requirement to make a demand.  See 2 Dennis J. Block, Nancy E. Barton & Stephen A. Radin, The Business Judgment Rule 1689-90 (5th ed. 1998).

Because of my ruling, I did not make findings as to the independence of the Morgan Stanley directors.  I now hold that a majority were not conflicted and were independent at the time suit was filed.

Morgan Stanley had eleven directors.  Defendant concedes that two of them, John J. Mack and O. Griffith Sexton, were conflicted.  I hold that a third director, Roy J. Bostock, also was conflicted, because Mack, the company's Chairman, had given Bostock's son-in-law the position of Managing Director, a coveted and lucrative position.  See Rales, 634 A. 2d at 937 (noting director not independent who, inter alia, has two brothers serving as vice presidents of company controlled by defendants).  A fourth, Laura D. Tyson, also may have been conflicted because of, allegedly, making inside sales.

As to the remaining seven or eight directors, I reject plaintiffs' allegations that independence is corrupted by sizeable payments of directors' fees, Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Lundgren, 579 F. Supp. 2d 520, 535-36 (S.D.N.Y. 2008) (citing Orman v. Cullman, 794 A.2d 5, 29 n.62 (Del. Ch. 2006) (noting that only excessive fees might affect independence); or friendships or associations with inside directors, Jacobs v. Yang, 2004 WL 1728521, at *5-6 (Del. Ch. Aug. 2, 2004) (requiring plaintiffs to allege that inside directors had the power to terminate the business relationship and that relationships were material to the other companies); Loveman v. Lauder, 484 F. Supp. 2d 259, 268 (S.D.N.Y. 2007) (requiring plaintiffs to allege that directors received a material personal benefit); or service on a committee, Pirelli, 579 F. Supp. 2d at 532-35.

I reject also that service on an audit committee, even one charged with reviewing the risks of market-making with auction-rate securities, should corrupt independence.  As United States District Judge Leonard Sand ruled, in a similar case,

hindsight at to what signs and signals should be considered "red flags" do not create liability for failing to appreciate that a risk has passed the boundary between conduct that is prudential and conduct that constitutes corporate waste. Louisiana Mun. v. Blankfein, 2009 WL 1422868, at *4-*6 (May 19, 2009 S.D.N.Y.).

Accordingly, I hold that plaintiffs' allegations of a conflicted board lack the precision and specificity required by Delaware law. Rales v. Blasband, 634 A.2d at 933. At most, four directors out of eleven lacked independence. The requirement of a demand as a precondition to a derivative lawsuit was not futile, and should have been given.

However, as I ruled in my previous order, there is no reason why a demand cannot now be made and, if made, investigated by the board, or a special committee of the board. I adhere to my previous rulings in this respect, enlarging the relevant time periods as follows:

Plaintiffs will have until August 24, 2009 to make demand of Morgan Stanley. If the Board of Directors of Morgan Stanley chooses to investigate the allegations made in the demand, it will have until February 26, 2009 (and any enlarged period granted by the court) to conduct the investigation and issue a report. Within thirty days (and any enlarged period granted by the court) from when Morgan Stanley issues its report of investigation, plaintiffs may move for appropriate relief, including leave to file an amended complaint. I shall retain jurisdiction over these proceedings.

The Clerk shall mark the motion (No. 25) as terminated.

SO ORDERED.

Dated: New York, New York
July 22, 2009

ALVIN K. HELLERSTEIN
United States District Judge

3