USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/9/12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

IN RE MORGAN STANLEY & CO., INC.     : Lead Case No. 08 Civ. 7587 (AKH)
AUCTION RATE SECURITIES              :
DERIVATIVE LITIGATION                :
                                     : (Derivative Action)
_____      :
                                     :
This Document Relates To:            :
                                     :
                                     :
    ALL ACTIONS                      :
                                     :
---------------------------------------------------------------x

### [PROPOSED] ORDER PRELIMINARILY
### APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

This matter came before the Court by Plaintiffs' unopposed motion, filed on January 17,

2012, for an order: (a) preliminarily approving the settlement of this action; (b) setting a date for

hearing of motion for final approval of the settlement and approval of attorneys' fees and

expenses an incentive award; (c) directing the form and manner of notice to shareholders of

the proposed settlement and of their right to object; (d) setting dates for the receipt of objections

and the filing of final approval papers; (e) staying all proceedings in this action except as may be

necessary to implement the settlement; and (f) granting such other and further relief as the Court

deems just and proper.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.    The Court, for purposes of this Preliminary Order, adopts the definitions set forth

in the Stipulation.

2.    The Court preliminarily approves the Settlement of the Action as set forth in the

Stipulation as being fair, reasonable, and adequate.

3. For the purposes of the proposed Settlement only, the Court preliminarily finds that Plaintiffs fairly and adequately represent the interests of shareholders of Morgan Stanley ("Shareholders," or individually, a "Shareholder") similarly situated in enforcing the rights of Morgan Stanley.

4. Plaintiffs' Counsel is authorized to act on behalf of Morgan Stanley's Shareholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

5. Within fifteen (15) business days following entry of this Order, Morgan Stanley shall: (a) cause the Summary Notice, in the form of Exhibit 2 to this Order, to be published once in *Investor's Business Daily*, once in *PR Newswire*, and once in *USA Today*; (b) cause the Stipulation, this Order, the Summary Notice, and the Notice, in the form of Exhibit 1 to this Order, to be made electronically available at

*www.MorganStanleyARSDerivativeLitigationSettlement.com*, the website identified in the Summary Notice and created specifically for purposes of disseminating notice; (c) cause a link to the Notice to be posted within the investor relations section of Morgan Stanley's corporate website, *www.morganstanley.com*, and (d) cause the Notice to be sent by U.S. Mail to persons who request such Notice by calling (855) 263-3453, the hotline identified in the Summary Notice and created specifically for purposes of disseminating notice.

6. At least fourteen (14) days prior to the Settlement Hearing, Morgan Stanley's counsel shall file with the Court and serve on Plaintiffs' Counsel proof, by declaration, of the dissemination of notice as provided for in paragraph 5 of this Order.

7.     The Court finds that the form and substance of the Notices, and the proposed method of dissemination of the Notices in the manner set out in this Order, satisfies the requirements of Federal Rule of Civil Procedure 23.1 and due process.

8.     A Settlement Hearing (the "Settlement Hearing") shall be held on _____, 2012 at ____ .m. at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14D, New York, NY 10007, at which the Court will: (i) determine whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) determine whether the Derivative Action should be dismissed on the merits and with prejudice; (iii) determine whether the separately negotiated payment of Plaintiffs' Counsel's Fee and Expense Award and Plaintiffs' Incentive Award should be approved; and (iv) rule upon such other matters as the Court may deem appropriate.

9.     The Court reserves: (a) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, with or without further notice to Morgan Stanley Shareholders, and (b) the right to continue or adjourn the Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, with or without further notice to Morgan Stanley Shareholders.

10.    Plaintiffs' Counsel will file their papers in support of final approval of the Settlement and their application for the Fee and Expense Award and Plaintiffs' Incentive Award, at least twenty-one (21) days prior to the Settlement Hearing.

11.    Objections (if any) by Morgan Stanley Shareholders, must be filed and served in accordance with the provisions of paragraph 14 hereof.

- 3 -

12.    Plaintiffs' Counsel will submit their papers in response to any objections at least seven (7) days prior to the Settlement Hearing.

13.    Any Morgan Stanley Shareholder may appear and show cause, if he, she, or it has any reason why the Settlement of the Action embodied in the Stipulation should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered hereon, or why the Fee and Expense Award and/or Plaintiffs' Incentive Award should not be awarded; provided however, that no Morgan Stanley Shareholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered hereon, unless that Morgan Stanley Shareholder has caused to be filed written objections, stating all supporting bases and reasons for the objection, setting forth proof of ownership of Morgan Stanley common stock as well as documentary evidence of when such stock ownership was acquired.

14.    At least fourteen (14) days prior to the Settlement Hearing, any such person wishing to object to the Settlement must file a written objection with the Clerk of the Court (Honorable Alvin K. Hellerstein, United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007) in this case numbered 08 Civ. 7587 (AKH) and, for receipt by the date set forth above, serve same by hand, e-mail, or first class mail, postage prepaid, on each and every of the following counsel:

- 4 -

Albert M. Myers
Kahn Swick & Foti LLC
206 Covington Street
Madisonville, Louisiana 70447
*albert.myers@ksfcounsel.com*

*Lead Counsel for Plaintiffs*

Gregory A. Markel
Ronit Setton
Cadwalader, Wickersham & Taft LLP
One Financial Center
New York, NY 10281
*ronit.setton@cwt.com*

*Counsel for Defendant Morgan Stanley and Defendants
John J. Mack, Walid Chammah, James P. Gorman,
Kenneth M. deRegt, Roberto Hoornweg, Colm Kelleher,
Michael Petrick, Ellyn A. McColgan, Andy Saperstein,
David H. Sidwell, Robert W. Scully, Zoe Cruz,
Gary G. Lynch and Thomas R. Nides*

Bruce D. Angiolillo
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
*bangiolillo@stblaw.com*

*Counsel for Defendants Roy J. Bostock, Erskine B. Bowles,
Sir Howard J. Davies, C. Robert Kidder,
Donald T. Nicolaisen, Charles H. Noski, Hutham S. Olayan,
Charles E. Phillips, Jr., O. Griffith Sexton, and
Laura D. Tyson*

Only Shareholders who have filed with the Court and delivered to counsel listed above by

the date and in the manner set forth above valid and timely written notices of objection will be

entitled to have their objections considered. All other objections will be deemed as untimely

filed and not deserving of consideration by the Court, unless the Court holds otherwise for good

cause shown.

15.     Any Morgan Stanley Shareholder who does not make an objection in the manner

provided herein shall be deemed to have forever and completely waived any such objection,

unless the Court determines to hear such objection for good cause shown.

- 5 -

16.     All discovery and other proceedings in the Derivative Action are hereby stayed and/or enjoined until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

17.     Morgan Stanley Shareholders are hereby barred from commencing or prosecuting any direct or representative action asserting any of the Released Claims against any of the Released Parties unless and until the Stipulation is terminated according to its terms.

18.     The Court may, for good cause, extend any of the deadlines set forth in the Order without further notice to Morgan Stanley Shareholders.

19.     Neither the Stipulation nor this Order, nor any act performed or document executed pursuant to or in furtherance of thereof: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other Person as a presumption, a concession, or an admission of, or evidence of, jurisdiction over, fault, wrongdoing or liability of the Released Parties or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other Person in any other actions or proceedings, whether civil, criminal or administrative, except as provided for in ¶ 6.4 of the Stipulation, which includes their use in any action that may be brought against the Released Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or as otherwise required by law.

**IT IS SO ORDERED.**

DATED: _Feb  9_____, 2012

_____
Hon. Alvin K. Hellerstein, U.S.D.J.

- 6 -